UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 2:14-CR-06-004 |
| | ) | JUDGE JORDAN |
| KAYLA WHITE | ) | |

## AGREED ORDER OF REVOCATION

A Petition for Revocation of Supervised Release has been filed against the defendant, Kayla White, and the defendant admits that she has violated the conditions of her supervised release. An agreement has been reached between the parties, recommending that Ms. White's supervised release should be revoked and that she should receive a sentence of four months incarceration followed by two years of supervised release with a condition that she serve six months at a halfway house. It is recommended that preference be given to her designation to SECOR halfway house located in Lebanon, Virginia, which would be closest to her family and her home, or alternatively to Midway located in Knoxville, Tennessee. All previously imposed conditions will continue to apply.

Ms. White agrees to waive her right to a hearing pursuant to Rule 32 of the Rules of Criminal Procedure, waive her right to allocute at a revocation hearing, and asks that the agreement of the defendant and the government pursuant to Rule 11 of the Federal Rules of Criminal Procedure be found to be a proper sentence. In doing so, the defendant acknowledges that she is giving up the following rights:

(1) The right to the assistance of counsel for her defense.

(2) The right to see and hear all the witnesses and have them cross-examined in her defense.

(3) The right on her own part not to testify unless she chose to do so in her defense, and

(4) The right to the issuance of subpoenas to compel the attendance of witnesses to testify on her behalf.

Ms. White stipulates to the following violations that can be proven by the government by a preponderance of the evidence:

(1) **Standard Condition No. 2**: The defendant shall report to the probation officer in a manner and frequency directed by the Court or probation officer.

(2) **Standard Condition No. 10**: The defendant shall permit a probation officer to visit at any time at home or elsewhere.

(3) **Standard Condition No. 1**: The defendant shall participate in a program of testing and/or treatment for drug and/or alcohol abuse, as directed by the probation officer, until such time as she is released from the program by the probation officer.

(4) **Special Condition No. 2**: The defendant shall participate in a program of mental health treatment, as directed by the probation officer, until such time as she is released from the program by the probation officer.

On November 25, 2014, Ms. White was instructed to report to the probation officer immediately after her sentencing hearing; however, she left the courthouse and reported hours later.

On November 26, 2014, Ms. White was notified that a home inspection would be conducted on November 28, 2014, and that she needed to stay at her residence and wait for the probation officer. On November 28, 2014, Ms. White was not at her residence for the home inspection. She was instructed to report to the probation office at 8:00 a.m. on December 1, 2014.

On December 1, 2014, Ms. White failed to report to the probation office as instructed at 8:00 a.m. During a contact later that day, she was instructed to report to the probation office on December 2, 2014, at 1:30 p.m.

On December 2, 2014, Ms. White's mother contacted the probation officer to report that she was bringing Ms. White to her appointment but she (Ms. White) would be late because the mother's car had broken down. Ms. White reported to the office late. Ms. White was instructed to contact the mental health provider by the end of the day to request a mental health appointment. Ms. White failed to make this appointment.

2

> On December 3, 2014, Ms. White failed to report for a random urine test per instruction from the Code-A-Phone system.
>
> On December 4, 2014, Ms. White was instructed to report to the probation office at 9:00 a.m. on December 5, 2014. Ms. White failed to report to the probation office as instructed.

The Court has considered the Chapter Seven policy statements in the United States Sentencing Guidelines. The violations above constitute Grade C violations for which an advisory guideline range of 3 to 9 months would apply given her Criminal History Category I. The Court has considered these advisory guideline ranges. The Court has also considered the statutory maximum of 24 months imprisonment. The Court has also considered the factors listed in 18 U.S.C. §3553(a).

The Court concludes that the recommended sentence is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. §3553(a). Specifically, the Court finds that the defendant has admitted that the proof could establish by a preponderance of the evidence that she committed the violations alleged in the petition for warrant for offender under supervision.

Based on the foregoing, the Court finds that the recommended sentence is sufficient, but not greater than necessary to accomplish the purposes set forth in 18 U.S.C. §3553(a) while taking into consideration all of those factors and the Chapter Seven policy statements. IT IS HEREBY ORDERED, therefore, that the defendant's supervised release is hereby revoked. The defendant is hereby sentenced to four months incarceration followed by two years of supervised release with a condition that she serve six months at a halfway house. It is recommended that preference be given to her designation to SECOR halfway house located in Lebanon, Virginia, which would be closest to her family and her home, or alternatively to Midway located in Knoxville, Tennessee. All previously imposed conditions will continue to apply.

3

*[signature]*

Honorable R. Leon Jordan
United States District Judge

APPROVED FOR ENTRY:

*[signature]*

J. Christian Lampe
Assistant U.S. Attorney

*[signature]*

Pamela E. Higgins
U.S. Probation Officer

*[signature]*

Kayla White
Defendant

*[signature]*

Nikki C. Pierce
Attorney for Defendant

4